## HAWKINS, Respondent, v. LASELL, Appellant.

### (198 N. W. 711.)

(File No. 5070.   Opinion filed May 15, 1924.)

**Vendor and Purchaser—Tender—Contracts — Tender by Purchaser Held Insufficient to Entitle Him to Recover for Seller's Refusal to Convey.**

Under contract for sale of light plant, providing for 10 per cent discount, if purchaser gave "notice of acceptance and buys said premises within 10 days, * * * and is ready to pay the full consideration in cash at said time," the purchaser's mere statement on tenth day that he had money in bank ready to complete the deal, asking how long it would take to get abstract ready, **held** insufficient to entitle him to recover for seller's failure to convey when actual tender of price, less 10 per cent discount, was made 9 days later.

Appeal from Circuit Court; Day County; Hon. Frank Anderson, Judge.

Action by John A. Hawkins against S. T. Lasell. From a judgment for plaintiff, and an order denying new trial, defendant appeals. Judgment and order reversed.

*M. C. Lasell,* of Aberdeen, *C. C. Bush,* of Waubay, and *W. F. Bruell,* of Redfield, for Appellant.

*Waddel & Dougherty,* of Webster, for Respondent.

Appellant cited: Herman v. Winters, 20 S. D. 201; Levy v. Lyons, 94 Pac. 881; Stembridge v. Stembridge, 7 S. W. 611; Ex parte, 30 Beaver 206; Litz v. Goosling (Ky.), 21 L. R. A. 127; Masoner v. Bell, 95 Pac. 239; Burkes v. Hubbard, 69 Ala. 379; Jones v. Moncrief Cook Co. (Okla.), 108 Pac. 407; Philan v. Neary, 22 S. D. 265; 9 Cyc. 327; Zeiho v. Smith, 148 N. Y. 59; Dennis v. Strasburger, 26 Pac. 1070; Biddle v. Coryell, 18 N. J. Law 377; Pershing v. Canfield, 70 Mo. 140; Roadabough v. Hart, 61 Ohio St. 73; Rude v. Levy, 96 Pac. 560; Rev. Code 1919, Secs. 763, 766, 759; Sunshine Cloak Co. v. Rhoquette Bros., 152 N. W. 359; Rev. Code 1919, Sec. 778; Stakke v. Chapman, 13 S. D. 269; Erickson v. Thelan, 26 S. D. 441; Sheffield v. Whitfield, 65 S. E. 807.

POLLEY, J. On the 31st day of March, 1919, the defendant signed a certain instrument in writing, whereby he gave the plaintiff a 60-day option to purchase certain property known as the "Waubay Electric Light Plant" for the sum of $15,000 in cash. The contract, however, contained the following provisions:

"And in the event J. S. Hawkins or his assigns give notice of acceptance and buys said premises within 10 days from date hereof, and is ready to pay the full consideration in cash in said time, there will be allowed a ten (10%) per cent discount of the purchase price."

On the tenth day after signing said option plaintiff called defendant over the telephone, and told defendant that he had the money in the bank, and was ready to complete the· deal, and asked defendant how long it would take to get the abstract ready. The matter of completing the transaction was casually mentioned by plaintiff on several occasions thereafter when they happened to meet, until on the 19th day of May plaintiff offered defendant a certified check for $13,500, and demanded a deed to the property. Defendant refused to accept the check or to deliver a deed, and plaintiff, claiming that the property was worth $20,000 at that time, commenced this action for the recovery of the difference between $13,500 and $20,000, to-wit, $6,500, as the amount of his

damage because of defendant's refusal to complete the transaction. On the trial there was evidence tending to prove the property was worth $18,000. At the close of all the testimony the court, on plaintiff's motion, struck out all of defendant's evidence on the ground that it was immaterial, and directed a verdict for plaintiff for $4,500. Judgment was entered for that amount, and from such judgment and an order denying a new trial defendant appeals.

Numerous errors are assigned by appellant, but in our view it is necessary to consider only one of such assignments. Appellant contends that, respondent having failed to tender the sum of $13,500 and complete the purchase of the property within 10 days after the date of the option, the right to purchase at that price had expired, and that a tender of that amount after the expiration of that period of time was insufficient to put defendant in default, or to entitle respondent to recover in this action. In this contention appellant is fully borne out by the terms of the contract. Respondent appears to have assumed that all that was necessary for him to do to entitle him to the benefit of the 10-day clause in the contract was to notify appellant within said period that he intended to complete the purchase. In this assumption he was clearly mistaken. He was not only required to "give notice of acceptance," but he was to "buy said premises," which means that he was to perform his part of the transaction by tendering the purchase price and completing the purchase of the property. This he did not do, nor did he intimate that he desired to complete the transaction within the time specified. In order to avail himself of the benefit of the 10-day clause in the contract, he should have made a tender and kept such tender good for a reasonable time, or until defendant refused to carry out the contract. There was no refusal on appellant's part within the 10-day period to carry out the terms of the option, nor any act done by him to excuse respondent from offering to perform his part of the transaction. It is true that at the time respondent notified appellant that appellant did not have his abstract brought down to date nor his deed ready to deliver, but this did not excuse respondent from offering to perform on his part. Respondent having failed to take advantage of the 10-day clause in the contract, a tender of $13,500 thereafter was of no avail. On the showing made by

respondent the court should have directed a verdict for appellant and dismissed the action.

The judgment and order appealed from are reversed.

ANDERSON, J., took no part in this decision.

Note.—Reported in 198 N. W. 711. See, Headnote, American Key-Numbered Digest, Vendor and Purchaser, Key-No. 170, 39 Cyc. 1563.